*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LOREN K. HICKS,

　　　　　Plaintiff-Appellant,

v

JACK HEALY, ERIKA HEALY, HEALY
HOMES, LLC, and LYON RIDGE
DEVELOPMENT 2, LLC,

　　　　　Defendants-Appellees.

UNPUBLISHED
October 17, 2019

No.　343015
Oakland Circuit Court
LC No.　2017-160361-CK

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In this breach-of-contract action, plaintiff appeals as of right the trial court's grant of summary disposition to defendants. We affirm.

## I. BACKGROUND

Plaintiff and defendant Healy Homes, LLC entered into a purchase agreement regarding a condominium owned by Healy Homes. Only plaintiff and Healy Homes were parties to the agreement; defendants Jack Healy, Erika Healy, and Lyon Ridge Development 2, LLC were not parties to the agreement.[1] The agreement granted Healy Homes the option to terminate the agreement and render it null and void in the event that plaintiff failed to obtain a firm commitment for mortgage financing within 30 calendar days of Healy Home's acceptance of the agreement. An addendum to the purchase agreement set the closing date at "May 26, 2017 or later if lender needs more time to process loan," but did not otherwise vary the aforementioned

---

[1]Defendant Jack Healy is the sole owner and member of Healy Homes, LLC and of defendant Lyon Ridge Development 2, LLC. Defendant "Erika Healy" is actually Erika Burke, Jack Healy's daughter and an employee of Healy Homes. Jack Healy accepted the purchase agreement in his capacity as Healy Home's sole owner and member.

"firm commitment" clause. Plaintiff failed to obtain a commitment within 30 days of Healy Home's acceptance of the agreement and Healy Homes exercised its option to cancel the agreement and returned plaintiff's earnest-money deposit. Two days later, plaintiff provided evidence of a firm commitment for mortgage financing, but Healy Homes declined to honor the agreement.

Plaintiff sued Healy Homes as well as the remaining defendants, seeking specific performance of the purchase agreement. Defendants moved for summary disposition arguing that, as a matter of law, plaintiff could not maintain a breach-of-contract action against Jack Healy, Erika Healy, or Lyon Ridge Development because they were not parties to the contract. Defendant Healy Homes argued that it was entitled to summary disposition because the agreement unambiguously granted it the right to cancel in the event that plaintiff failed to obtain timely a firm commitment for mortgage financing, which she, indeed, failed to do. The trial court agreed with both arguments and awarded summary disposition to each defendant. This appeal followed.

## II. ANALYSIS

As an initial matter, plaintiff raises nine claims of error in a six-page brief, which largely fails to conform to the requirements of MCR 7.212. Aside from the form errors, plaintiff's brief fails to offer any analysis for her claims and fails to cite any supporting authority. "It is not enough for an appellant in [her] brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate for [her her] arguments, and then search for authority either to sustain or reject [her] position." *Riemer v Johnson*, 311 Mich App 632, 653; 876 NW2d 279 (2015) (internal citation and quotation marks omitted). Accordingly, plaintiff's failure to support her claims with any analysis is enough to deny her appeal. Nonetheless, in the interest of completeness, we will briefly address the trial court's grant of summary disposition.

"We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; 926 NW2d 259 (2018). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 294.

With respect to Healy Homes, the courts of this state must construe unambiguous provisions of contracts as written. *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007). It is undisputed that plaintiff failed to obtain a firm commitment for financing within the time set forth in the purchase agreement. In such an event, the purchase agreement unambiguously granted Healy Homes the right to cancel the agreement, which it did. To the extent that plaintiff relies on the addendum language that allowed the parties to postpone the closing date, that provision provides that the closing date may be extended if the lender needed additional time to process the loan, not if plaintiff needed additional time to obtain a commitment for the loan. Therefore, because it is undisputed that plaintiff failed to obtain a firm commitment for financing within the time period set forth in the purchase agreement, Healy

Homes was entitled to cancel the agreement. Accordingly, the trial court properly granted summary disposition to Healy Homes under MCR 2.116(C)(10).

Plaintiff asserts, nevertheless, that summary disposition was premature, because discovery was still open. Nonetheless, "a party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Marilyn Froling Revocable Living Tr v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Plaintiff has failed to identify a disputed issue and has failed to offer any evidentiary support for her issues. Therefore, plaintiff has failed to show that summary disposition was premature.

With respect to defendants Jack Healy, Erika Healy, or Lyon Ridge Development, plaintiff has offered no evidence that these defendants were parties to the contract and has offered no legal theory by which these defendants could otherwise be liable for any breach of the contract. "It goes without saying that a contract cannot bind a nonparty." *AFSCME Council 25 v Wayne Co*, 292 Mich App 68, 80; 811 NW2d 4 (2011) (internal citation and quotation marks omitted). In any event, because plaintiff has failed to show any breach of contract, even had these defendants been parties to the contract, they would be entitled to summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle